# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOLOMON JOHNSON, | : | CIVIL ACTION NO. **1:CV-14-0896** |
| Plaintiff | : | (Judge Kane) |
| v. | : | (Magistrate Judge Blewitt) |
| DEPARTMENT OF CORRECTIONS, | : | |
| Defendant | : | |

## **REPORT AND RECOMMENDATION**

**I.     Background.**

On May 9, 2014, Plaintiff, Solomon Johnson, an inmate at the State Correctional Institution at Benner Township, ("SCI-Benner"), Bellefonte, PA, filed the instant action pursuant to 28 U.S.C. § 2283 and §2284.[1]  (**Doc. 1**).  The Plaintiff has also filed an application for leave to proceed *in forma pauperis*.  (Doc. 2).

Plaintiff's claims are set forth on a form civil rights Complaint which this court routinely provides to *pro se* litigants. Plaintiff also attached several handwritten pages to his form Complaint.  *See* Doc. 1, pp. 3-12.  As mentioned, Plaintiff indicates on his Complaint that it is filed as a claim for injunctive relief under 28 U.S.C. § 2283 and § 2284.  However, insofar as Plaintiff also appears

---

[1]Plaintiff indicates that he filed a previous lawsuit in federal court while in prison, *Johnson v. Mazurkiewicz, et al.*, 13-cv-0531, in the United States District Court for Western District of Pennsylvania.  Plaintiff's Complaint filed in the Western District involves essentially the same type claims against Defendant prison staff at SCI-Greensburg as the claims Plaintiff asserts in his instant Complaint against the DOC in the Middle District which arose at SCI-Benner.  Plaintiff's Complaint filed in the Western District was amended twice, the most recent pleading was filed on December 23, 2013, and a Motion to Dismiss is currently pending before the Court.

to be raising violations of his constitutional rights by DOC staff during his confinement at SCI-Benner and he seeks, in part, money damages (Doc. 1, p. 11), Plaintiff's Complaint can be construed as a civil rights action under 42 U.S.C. §1983.[2]  Plaintiff's Complaint names the Pennsylvania Department of Corrections ("DOC") as the sole Defendant.

To date, Plaintiff 's Complaint has not been served on Defendant DOC. We are obliged to screen Plaintiff 's Complaint under the PLRA. As discussed below, we will find that Plaintiff has failed to state any cognizable constitutional claims against any proper Defendants. We will recommend that Defendant DOC be dismissed with prejudice and that Plaintiff be directed to file an Amended Complaint.

## II.     Plaintiff 's Complaint, Doc. 1.

As stated, Plaintiff's present Complaint names the DOC as the only Defendant. (Doc. 1). Plaintiff appears to allege that he has been subject to continual harassment and mistreatment by the DOC and its staff beginning in June 2008, when he was taken into custody by the DOC, and proceeding through each of the three state correctional institutions in which Plaintiff has been confined (namely, SCI-Fayette, SIC-Greensburg and SCI-Benner). Plaintiff's Complaint is rambling, disjointed, difficult to comprehend, and does not set forth any clear claim for relief. (*See* ¶ IV. of Statement of Claim, pages 2-13 of Complaint, Doc. 1). Plaintiff also refers to several Exhibits throughout his Complaint but he has not submitted any Exhibits.

---

[2]We note that the Clerk of Court docketed Plaintiff's instant case as a §1983 civil rights action.

Plaintiff commences his Statement of Claim with a detailed history of his confinement in state prisons starting in June 2008, at SCI-Fayette, and he describes the treatment to which he has been subjected by the DOC and its staff. Plaintiff seems to allege that when he first taken into custody by the DOC, the DOC medical staff examined him and found that he was suffering from mental impairments. Plaintiff also seems to state that the DOC medical staff at SCI-Fayette, and later at SCI-Greensburg, refused to designate him to the Special Needs Unit ("SNU"), and that from 2008 through 2010 he begin to receive mental health treatment by the prisons' psychology departments and staff. Plaintiff indicates that the DOC medical staff diagnosed him with depression, anxiety and mood disorder, and that he was prescribed Paxil. Plaintiff also states that the DOC staff started to tamper with his legal mail. Further, Plaintiff seems to aver that the Program Review Committee ("PRC") at each of the prisons in which he was confined determined that he did not need to be placed in protective custody despite to his mental impairments and found that he could be confined in the general population at the prisons. Plaintiff seems to claim that the PRC improperly made its findings and manipulated his mental conditions and needs in order to recommend his placement in the general population. Plaintiff also seems to claim that the PRC denied him of his due process rights to have its decisions reviewed.

Plaintiff states that in May 2013, he was transferred from SCI-Greensburg to SCI-Benner on protective custody status. (Doc. 1, p. 5). Thus, Plaintiff has now been confined at SCI-Benner for about one year. Initially, we find that in his instant case, Plaintiff must restrict his claims to the time period from May 2013, when he was transferred from SCI-Greensburg to SCI-Benner, to the present time. We find that insofar as Plaintiff is attempting to raise claims which arose at SCI-

3

Fayette and at SCI-Greensburg they are, in part, time barred[3] and they must be filed with the Court in the Western District of PA since venue is proper there. In fact, as noted, Plaintiff has a pending action in the Western District of PA regarding his constitutional claims which arose during his confinement at SCI-Greensburg. As such, we will recommend that Plaintiff be directed to limit his claims in his Amended Complaint from May 2013, when he was transferred to SCI-Benner, to the present time.

Plaintiff raises various claims during his confinement at SCI-Benner, including his allegation that after he was at SCI-Benner for three months, an unnamed correctional officer called him a "snitch" in front of the other inmates in his housing block without any provocation. Plaintiff also avers that prison staff are interfering with his legal mail. Plaintiff further alleges that he was denied proper medical care for his knee since he deprived of a required replacement knee brace and pain

---

[3]The statute of limitations for a § 1983 action in Pennsylvania is two years. In *Karchnak v. Swatara Township, et al.*, 540 F. Supp. 2d 540, 545-46 (M.D. Pa. 2008), the Court stated:

> Section 1983 does not contain a statute of limitations for cases brought under its purview. Thus, for § 1983 actions, a court must look to the state statute of limitations for personal injury claims. *Sameric Corp. Of Del., Inc. v city of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). In Pennsylvania, the statute of limitations for personal injury is two years. 42 Pa. Cons. Stat. § 5524. Thus, all of Plaintiff's § 1983 claims are subject [to] this two-year statute of limitations.

A cause of action under § 1983 accrues "when the plaintiff knew or should have known of the injury upon which the action is based." *Sameric Corp. Of Del., Inc. v city of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). According to Plaintiff's own admission, his claims dating back to 2008 are clearly time barred. Plaintiff did not sign his instant Complaint until May 5, 2014. Thus, all of Plaintiff 's claims which arose before May 5, 2012, appear to be time barred.

medication. Additionally, Plaintiff alleges that he requested the security captain to continue his placement in "AC status" (administrative custody) pending a review by the security department and by the psychology department. Plaintiff also states that he requested to "granted safe lock up" and that the PRC discontinued his AC status on July 17, 2013, and released him from the RHU into a unit in the general population. Plaintiff then seems to allege that he refused to go into general population and that misconduct reports were issued against him. Plaintiff states that this alleged conduct was part of a continuing pattern of mistreatment and harassment which he has suffered by DOC staff during his confinement at SCI-Benner. Plaintiff further indicates that he filed grievances regarding the alleged mistreatment and that he exhausted his DOC administrative remedies with respect to some of his claims, but not all of his claims. (Doc. 1, pp. 6-7).

It appears that Plaintiff's main claim concerns his attempts to have prison staff at SCI-Benner place him in protective custody (AC status) and in the SNU, and not to place him in the general population. Plaintiff seems to indicate that his due process rights were violated. Plaintiff also claims that his First Amendment right with respect to his legal mail is being violated by prison staff at SCI-Benner, that his Eighth Amendment right to proper medical care is being violated, and that prison staff are endangering his safety and welfare by calling him a "snitch" and by confining him in the general population in violation of his Eighth Amendment rights. In addition, Plaintiff seems to be claiming that staff improperly issued misconduct reports against him due to retaliation for expressing his fears about his safety and, that his due process rights were violated with respect to

5

the misconduct reports staff issued against him due to his refusals to go into general population.[4]

In his present Complaint, Plaintiff requests this federal Court to issue a permanent injunction against the Defendant DOC to prevent prison staff at SCI-Benner from continuing their harassment and mistreatment of him, as described above. Plaintiff requests this Court to issue an injunction against the DOC to place him in protective custody status while he exhausts his administrative remedies regarding his present claims. Further, Plaintiff seeks an injunction to stop the PRC from "manipulating safety facts" regarding his mental health placement, and an injunction to prevent prison staff from improperly handling both his legal mail and his non-legal mail. Plaintiff requests this Court to order prison staff to re-issue him a knee brace. Plaintiff also requests money damages (punitive damages) in the amount of $25,000. (Doc. 1, p. 11). Pursuant to Local Rule 8.1, M.D. Pa., Plaintiff's request for specific monetary damages should be stricken from his Complaint. *See Stuckey v. Ross*, Civil No. 05-2354, M.D. Pa., 1-9-06 Order, J. McClure; *Said v. Donate*, Civil No. 07-1550, M.D. Pa.

Plaintiff attempts to set forth his claims in a handwritten section of his Complaint he labeled "Summary Detail and Exhibits."[5] (*Id.*, pp. 3-11). Plaintiff raises numerous claims and states that he has continually been subjected to harassment during his confinement at the three state correctional

---

[4] We note that if Plaintiff was convicted of the charges in the misconduct reports, his present constitutional claims regarding the charges would be *Heck* barred until he successfully appealed the disciplinary convictions or had the convictions overturned in a §2254 habeas petition. *See Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

[5] As stated, Plaintiff did not file any Exhibits in support of his Complaint. In fact, Plaintiff seeks this Court to Order the production of all of his Exhibits in his request for relief of his Complaint, Doc. 1, p. 11.

facilities dating back to 2008.  As stated, Plaintiff requests injunctive relief and monetary damages.

With respect to his requests for injunctive relief, Plaintiff seeks the Court:

> Issue a preliminary injunction immediately stipulating self confinement/protective custody status applying to all DOC facilities while exhausting administrative remedies, going forward to prevent further crusade, retaliation, retaliatory transfer...
>
> Stop any officers from assisting inmates to increase my plight...
>
> Stop any Program Review Committee (PRC) from manipulating adverse safety facts into psychological emotion for mental health placement and document what I actually say...
>
> Stop adverse mail handling of my privileged and non privileged mail...
>
> Order reissue of necessary permanent knee brace...
> Issue permanent injunction against any further type harassment...
>
> Punitive damages of $25,000 due to at least six years of same ongoing harassment...

(*Id.,* p. 11).

As mentioned, Plaintiff states that he has filed grievances regarding his claims and indicates that they have not all been exhausted.[6]  (*Id.,* pp. 2-11).

---

[6]Plaintiff must exhaust his administrative remedies with respect to each one of his claims prior to filing a civil rights suit. *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004); *Woodford v. Ngo*, 126 S.Ct. 2378 (2006).  In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including civil rights  actions or actions brought pursuant to any other federal law.  The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.*  However, Defendants have the burden to plead exhaustion as an affirmative defense.  *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

We now screen Plaintiff's Complaint as we are obliged to do under the PLRA. *See Abdul-Akbar v. McKelvie*, 239 F. 3d 307, 314 (3d Cir. 2001); *Banks v. County of Allegheny*, 568 F.Supp.2d 579, 589 (W.D. Pa. 2008).[7]

**III.    PLRA.**

As stated, the Plaintiff has filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 2). The Prison Litigation Reform Act of 1995,[8] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[9] Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

**IV.    Section 1983 Standard.**

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and

---

[7] This case has been assigned to the undersigned Magistrate Judge for pre-trial matters. *See* 28 U.S.C. § 636(b).

[8] Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

[9] The Plaintiff filed an application to proceed *in forma pauperis* and an authorization to have funds deducted from his prison account. (Docs. 2 & 7).

(2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993); *Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051, *3 (M.D. Pa.). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[10] *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Phillips v. Miller*, 2010 WL 771793, *2 (M.D. Pa.).

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id*. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id*. As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate

---

[10]Plaintiff alleges in his pleading that all of the unnamed prison staff who violated his constitutional rights are employees of the DOC. This is sufficient to show that the prison staff are state actors.

9

> particularity. (Citations omitted).

*See also Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051,*3("a prerequisite for a viable civil rights claim is that a Defendant directed, or knew of and acquiesced in, the deprivation of a Plaintiff's constitutional rights.")(citing *Rode, supra*.).

The Court uses the same standard to screen a complaint under the PLRA as it does for a 12(b)(6) motion to dismiss. *See Banks v. County of Allegheny*, 568 F.Supp.2d at 588.

## V. Motion to Dismiss Standard.

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).
>
> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id*. at 1950. In other words,

> a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
> *Fowler,* 578 F.3d at 210-11.
>
> The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

**VI.     Discussion.**

To the extent Plaintiff alleges that prison staff violated his constitutional rights at SCI-Benner and he seeks money damages and injunctive relief, we construe Plaintiff's Complaint as a §1983 civil rights action. Plaintiff also seeks injunctive relief against Defendant DOC under 28 U.S.C. § 2283 and § 2284 as well as under Fed.R.Civ.P. 65. The Court has jurisdiction over Plaintiff's case pursuant to 28 U.S.C. §1331 and §1343(a).

As stated above, Plaintiff names the Pennsylvania DOC as the sole Defendant in this action. We find that Defendant DOC is subject to dismissal with prejudice from this action insofar as Plaintiff sues the DOC for money damages regarding the alleged violations of his constitutional rights. Defendant DOC, as an agency of the Commonwealth of Pennsylvania, is clearly entitled to Eleventh Amendment immunity with respect to Plaintiff's claims under §1983. *Keisling v. Renn*, 425 Fed.Appx. 106, 109 (3d Cir. 2011). Plaintiff does not contend that Defendant DOC has waived

11

immunity or consented to his §1983 civil rights action. Further, the DOC has not waived Eleventh Amendment immunity. *Keisling v. Renn*, 425 Fed.Appx. at 109. Thus, we find recommend that Plaintiff's claims against the Defendant Pennsylvania DOC be dismissed with prejudice since any amendment with respect to this Defendant is futile. *Keisling v. Renn*, 425 Fed.Appx. at 109.

As mentioned, we find that Plaintiff's instant claims against Defendant DOC are barred under the Eleventh Amendment. We find that Plaintiff cannot proceed with respect to his §1983 case against the DOC, an agency of the Commonwealth of Pennsylvania, because it is barred under the Eleventh Amendment. *See Keisling v. Renn*, 425 Fed.Appx. at 109. In *Democracy Rising PA v. Celluci*, 603 F. Supp. 2d 780, 795 (M.D. Pa. 2009), the Court held that:

> The Eleventh Amendment precludes private federal litigation against a state and its agencies. n16 *Hans v. Louisiana*, 134 U.S. 1, 15-16, 10 S. Ct. 504, 33 L. Ed. 842 (1890); *see also Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-73, 120 S. Ct. 631, 145 L. Ed. 2d 522 (2000); *Lombardo v. Pennsylvania*, 540 F.3d 190, 194-95 (3d Cir. 2008). This is a jurisdictional bar subject to only two exceptions: (1) Congress may specifically abrogate a state's sovereign immunity by exercising its enforcement power under the Fourteenth Amendment, or (2) a state may waive its sovereign immunity by consenting to suit. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670, 119 S. Ct. 2219, 144 L. Ed. 2d 605 (1999); *Koslow v. Pennsylvania*, 302 F.3d 161, 168 (3d Cir. 2002). It is well settled that Congress had no intention to abrogate the states' sovereign immunity by enacting § 1983. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 66, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). Furthermore, Pennsylvania has unequivocally withheld its consent to such suits. See 42 PA. CONS. STAT. § 8521(b); *see also Lombardo*, 540 F.3d at 196 n.3; *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981).

*See also Urella v. PA State Troopers Ass'n*, 2008 WL 1944069, *3 (E.D. Pa.).

Thus, since we find that Plaintiff's claims against Defendant DOC are barred by the Eleventh Amendment, we shall recommend that this Defendant be dismissed with prejudice. Based upon the above, we find futility in allowing Plaintiff to amend his constitutional claims as against Defendant

DOC. *See Democracy Rising PA v. Celluci, supra; Grayson v. Mayview State Hosp., supra* (*pro se* Complaints should not be dismissed without leave to amend unless "amendment would be inequitable or futile").

As discussed above, we find Plaintiff has failed to state a cognizable constitutional claim against any proper Defendant. However, we find that Plaintiff should be permitted to file an Amended Complaint and afforded the opportunity to try and state a cognizable constitutional claims against proper Defendants. Also, as discussed, we find that Plaintiff must restrict his claims to the time period from May 2013, when he was transferred from SCI-Greensburg to SCI-Benner, to the present time, and that he must first completely exhaust all of his DOC administrative remedies with respect to each one of his claims before he asserts them in his Amended Complaint.

Additionally, we find that the proper Defendants with respect to Plaintiff's Amended Complaint are the prison staff at SCI-Brenner who were personally involved in the alleged violations of Plaintiff's constitutional rights. Further, we find that Plaintiff cannot seek money damages against the Defendant prison staff at SCI-Brenner in their official capacities, and that he can only seek damages against these Defendants in their personal capacities. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304 (1989). To the extent Plaintiff requests injunctive relief, he can sue the state actor Defendants in their official capacities. *See Johnson v. Beard*, 2008 WL 2594034, *6 (M.D. Pa. June 27, 2008).

The Supreme Court in *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937 (2009), repeated the personal involvement necessary in a § 1983 action. In *Innis v. Wilson*, 2009 WL 1608502, *2 (3d Cir. 2009), the Court cited *Iqbal*:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* No. 07-1015, slip op. at 14 (May 18, 2009) [129 S. Ct. 1937 (2009)] (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).
>
> "Innis's allegation against Wilson also fails because Innis is attempting to establish liability based on supervisory liability. *See Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988) (liability cannot be predicated solely on the operation of respondeat superior, as a defendant must have personal involvement in a civil rights action). Innis does not allege that Wilson had personal knowledge of his injury and subsequently acted with deliberate indifference. *Spruill,* 372 F .3d at 236. Accordingly, these claims were properly dismissed."

In *Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D. Pa.), the Court stated:

> The Court in *Iqbal* explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. *Id.* at 1949, 1953. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly,* 550 U.S. at 555); *see also Phillips v. County of Allegheny,* 515 F.3d 224, 232 (3d Cir.2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (citing *Twombly,* 550 U.S. at 556 n. 3)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 556).

*See Sims v. Piazza*, 2009 WL 3147800, *5 (M.D. Pa.)("Legal conclusions without factual support are not entitled to the assumption of truth.")(citation omitted).

In light of the aforementioned requirements of both § 1983 and *Iqbal*, we find that Plaintiff's Complaint lacks sufficient allegations as to any proper Defendant staff member at SCI-Brenner and

what these staff members personally did to violate any of Plaintiff's constitutional rights. As mentioned, Plaintiff has not named any staff member at SCI-Brenner as a Defendant and we cannot discern who the proper Defendants should be in this case.

It is clear from reading Plaintiff's original Complaint that he does not properly allege how any proper Defendant was personally involved in his constitutional claims. Nor is it clear as to exactly what constitutional rights Plaintiff is alleging were violated and the dates of the violations. Further, Plaintiff has failed to set forth his Complaint in numbered paragraph stating his claims in an understandable fashion. Therefore, Plaintiff has failed to file a proper pleading. We also find that Plaintiff failed to sufficiently state any constitutional claims in accordance with 42 U.S.C. § 1983 against any properly named Defendants.

*Pro se* parties are accorded substantial deference and liberality in federal court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader.

Although there is not a heightened pleading standard in civil rights cases,[11] a civil rights complaint in order to comply with Rule 8 must contain at least a modicum of factual specificity,

---

[11] In *Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163 (1993), the United States Supreme Court held that it was improper to apply heightened pleading standards to § 1983 actions. The Court noted that a § 1983 complaint need only comply "with the liberal system of 'notice pleading' set up by the Federal Rules." *Id* at 167.

identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the compliant is not frivolous and a defendant has adequate notice to frame an answer. *Frazier v. Southeastern Pennsylvania Transp. Auth.*, 785 F.2d 65, 68 (3d Cir. 1986). A civil rights complaint complies with this standard if it alleges the conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials. Also, a civil rights pleading must include factual allegations to support the constitutional claims raised in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 1953 (2009).

Under even the most liberal construction, Plaintiff's Complaint is in clear violation of Rule 8. It does not give any proper Defendant fair notice of what Plaintiff's claims are and the grounds upon which his claims rest. Even taking into account the fact that Plaintiff is proceeding *pro se*, his Complaint is still not in conformity with Rule 8 of the Federal Rules of Civil Procedure. It certainly does not set forth in brief, concise, and understandable terms the personal conduct of a proper Defendant about which Plaintiff is complaining.

Accordingly, we will recommend that the Court direct Plaintiff to file an Amended Complaint regarding only his claims that arose at SCI-Brenner and regarding only his claims that have been fully exhausted *via* the DOC administrative remedy process. Plaintiff is also reminded that his "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Additionally, it must establish the existence of actions by the prison staff at SCI-Brenner which have resulted in constitutional deprivations. *E.g, Rizzo v. Goode*, 423 U.S. 362, 370-73 (1976). It should specify which actions are alleged as to which Defendants.

The amended complaint must be "simple, concise, and direct" as required by the Rules of Civil Procedure.  *See* Fed.R.Civ.P. 8(e)(1).

**VII.   Recommendation.**

Based on the foregoing, it is recommended that the Defendant Pennsylvania Department of Corrections be dismissed with prejudice.  It is further recommended that the Court direct Plaintiff to file an Amended Complaint regarding only his claims that arose at SCI-Brenner and regarding only his claims that have been fully exhausted *via* the DOC administrative remedy process.

                                          **s/ Thomas M. Blewitt**
                                          **THOMAS M. BLEWITT**
                                          **United States Magistrate Judge**

**Dated: June 13, 2014**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOLOMON JOHNSON, | : | CIVIL ACTION NO. **1:CV-14-0896** |
| Plaintiff | : | (Judge Kane) |
| v. | : | (Magistrate Judge Blewitt) |
| DEPARTMENT OF CORRECTIONS, | : | |
| Defendant | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **June 13, 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

     magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

   Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

                                      <u>**s/ Thomas M. Blewitt**</u>
                                      **THOMAS M. BLEWITT**
                                      **United States Magistrate Judge**

**Dated: June 13 2014**