**IN THE UNITED STATE DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SOLOMON JOHNSON,** | : | **No. 1:14-cv-0896** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **DEPARTMENT OF CORRECTIONS,** | : | |
| **Defendant** | : | **(Magistrate Judge Blewitt)** |
| | : | |

**MEMORANDUM**

Before the Court is Magistrate Judge Blewitt's Report and Recommendation (Doc. No. 10) and Plaintiff's objections thereto (Doc. No. 11). For the reasons that follow, the Court will adopt Magistrate Judge Blewitt's Report and Recommendation, overrule Plaintiff's objections, and will dismiss the Department of Corrections from the complaint.

## I.     BACKGROUND

On May 9, 2014, Plaintiff Solomon Johnson**,** an inmate at the State Correctional Institution ("SCI") at Benner Township ("SCI-Benner"), filed the above-captioned pro se civil rights action pursuant to 28 U.S.C. §§ 2283-2284, naming the Pennsylvania Department of Corrections ("DOC") as the sole defendant. (Doc. No. 1 at 1.) Despite Plaintiff indicating in his complaint that he wished to bring his claim under 28 U.S.C. §§ 2283-84, the Clerk of Court docketed Plaintiff's case as a Section 1983 civil rights action and Magistrate Judge Blewitt construed it as such. (Doc. No. 10 at 1-2.) Plaintiff also filed an application to proceed in forma pauperis. (Doc. No. 2.)

In his complaint, Plaintiff alleges that beginning in June 2008, he was subjected to continual harassment and mistreatment by DOC staff at each of the three state correctional

1

institutions in which he has been confined: SCI-Fayette, SCI-Greensburg, and SCI-Benner.
(Doc. No. 1 at 2-10.)  In his complaint, Plaintiff requests a preliminary injunction requiring the
DOC to place him in protective custody while he seeks administrative remedies, an injunction
requiring certain items of mail to be returned to Plaintiff, an order instructing the DOC to issue
him a knee brace, and monetary damages in the amount of $25,000.  (Doc. No. 1 at 11.)  On June
13, 2014, Magistrate Judge Blewitt issued a Report and Recommendation recommending that the
Court dismiss the Defendant DOC from Plaintiff's complaint with prejudice.  (Doc. No. 10 at
20.)  Magistrate Judge Blewitt also recommended that the Court direct Plaintiff to file an
amended complaint against proper defendants, and further that his amended complaint should
reflect only claims that arose at SCI-Benner and which have been fully exhausted through the
DOC administrative remedy process.  (Id. at 17.)  On June 17, 2014, Plaintiff filed timely
objections to the Report and Recommendation.  (Doc. No. 11.)  The Court will address
Magistrate Judge Blewitt's Report and Recommendation and Plaintiff's objections thereto in
turn.[1]

## II.     DISCUSSION

### A.     Section 1983

In his complaint, Plaintiff states that he is seeking injunctive relief under 28 U.S.C. §§

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b),
provide that any party may file written objections to a magistrate's proposed finding and
recommendations.  In deciding whether to accept, reject, or modify the Report and
Recommendation, the Court is to make a de novo determination of those portions of the Report
and Recommendation to which specific objections are made. 28 U.S.C. § 636(b)(1); see also
Sample v. Diecks, 885 F. 2d 1099, 1106 n.3 (3d Cir. 1989).  The district court may accept, reject,
or modify, in whole or in part, the findings and recommendations contained in the report.  28
U.S.C. § 636(b)(1)(c); M.D. Pa. Local Rule 72.3.

2283-2284 as well as monetary damages.  (Doc. No. 1 at 11.)  In his Report and

Recommendation, Magistrate Judge Blewitt construed Plaintiff's <u>pro se</u> complaint as bringing a

Section 1983 claim because the complaint appeared to allege violations of Plaintiff's

constitutional rights by the DOC staff.  (Doc. No. 11 at 2.)  Plaintiff objects to Magistrate Judge

Blewitt construing his complaint as one brought pursuant to Section 1983.  Specifically, Plaintiff

argues that his complaint was clearly marked as seeking injunctive relief under 28 U.S.C. §§

2283-2284, and it was therefore prejudicial for Magistrate Judge Blewitt to construe it as a

Section 1983 claim.  (<u>Id.</u>)

 The Court finds Plaintiff's objection without merit.  The Federal Anti-Injunction Act, 28

U.S.C. § 2283, provides that "a federal court may not enjoin state court proceedings except as

expressly authorized by Act of Congress."  <u>Mitchum v. Foster</u>, 407 U.S. 225 (1972) (citations

omitted).  The Anti-Injunction Act does not provide litigants with a private right of action;

rather, it specifically prohibits federal courts from granting injunctions to stay state court

proceedings barring one of three limited exceptions.  <u>See</u> <u>In re Gen. Motors Corp. Pick-Up Truck</u>

<u>Fuel Tank Products Liab. Litig.</u>, 134 F.3d 133, 142 (3d Cir. 1998).  Although Sections 2283-84

do not provide a cause of action, the Supreme Court has explicitly stated that 42 U.S.C. § 1983

civil rights claims fall within the limited category of congressionally authorized exceptions to the

anti-injunction statute which permit a federal court to grant an injunction to stay a proceeding

pending in a state court.  <u>Id.</u>  Thus, Plaintiff's complaint must be construed under Section 1983

in order to state a valid claim for monetary and injunctive relief.  <u>See id.</u>  Accordingly, the Court

finds no error or prejudice in Magistrate Judge Blewitt construing Plaintiff's complaint as one

brought under Section 1983, and the Court will do the same.

**B.      Dismissal of complaint**

Although Plaintiff alleges that prison staff violated his constitutional rights during his

confinement at SCI-Benner, he names only the DOC as a defendant in the complaint.  (See Doc.

No. 1.)  In his Report and Recommendation, Magistrate Judge Blewitt recommends that the

Court dismiss Plaintiff's complaint for failing to comply with Rule 8 of the Federal Rules of

Civil Procedure.  (Doc. No. 11 at 16.)  Additionally, Magistrate Judge Blewitt recommends that

the Court dismiss the DOC from the action with prejudice as it is entitled to Eleventh

Amendment immunity.  (Id. at 12.)  Magistrate Judge Blewitt further recommends that the Court

direct Plaintiff to file an amended complaint against the individual members of the SCI-Benner

prison staff.  (Id. at 13.)

Plaintiff raises two objections regarding Magistrate Judge Blewitt's recommendation that

the Court dismiss the complaint.  In his first objection, Plaintiff argues that the DOC is the

proper party because suing a state official in his or her official capacity is akin to suing the office

itself and, therefore, suing the agency itself is justified.  (Doc. No. 11 at 2.)  Plaintiff also asserts

that Pennsylvania has waived sovereign immunity for "Commonwealth parties" pursuant to 42

Pa. C.S.A. §§ 8522(a)(B) 2, 3.  (Id. at 3.)

Although courts are more deferential and liberal with regards to pleadings for pro se

litigants, this does not absolve a plaintiff from the pleading standards set forth in the Federal

Rules of Civil Procedure.  (Doc. No. 11 at 2); see Frazier v. Southeastern Penn. Transp. Auth.,

785 F.2d 65, 67 n.3 (3d Cir. 1986).  Although a pro se litigant may file a complaint containing

unnamed defendants, the complaint must still otherwise satisfy the pleading standards set forth in

the Federal Rules of Civil Procedure.  See Innis v. Wilson, 334 F. App'x 454, 457 (3d Cir. 2009);

4

Fontroy v. Toski, No. 06–230, 2008 WL 5572467 (W.D. Pa. Dec. 30, 2008).  The Court agrees

with Magistrate Judge Blewitt that Plaintiff has failed to properly allege that any member, even

an unknown member, of the SCI-Benner prison staff violated his constitutional rights.  (Doc. No.

11 at 15.)  Therefore, the Court finds that Plaintiff has failed to satisfy the requirement set forth

in Federal Rule of Civil Procedure 8(a) requiring "a short and plain statement of the grounds for

the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader

is entitled to relief."  Fed.R.Civ.P. 8(a).  The Court will adopt Magistrate Judge Blewitt's

recommendation that the complaint be dismissed for failure to comply with the Federal Rules of

Civil Procedure.

      Further, the Court agrees with Magistrate Judge Blewitt that Pennsylvania has not waived

its sovereign immunity with regards to suit in federal court, and that there is thus no merit to

Plaintiff's contention that the DOC is a proper party to his complaint.  The Eleventh Amendment

bars private federal litigation against a state or its agencies.[2]  Lombardo v. Pennsylvania, Dep't of

Pub. Welfare, 540 F.3d 190, 194-195 (3d Cir. 2008).  In limited circumstances, Congress may

abrogate this immunity via statute or a state may consent to waive its immunity.  Koslow v.

Commonwealth of Pennsylvania, 302 F.3d 161, 168 (3d Cir. 2002).  However, no statute has

abrogated immunity for the DOC in the action, nor has the state consented to waive this

immunity.  Although Plaintiff asserts that 42 Pa. C.S.A. §§ 8522(a), (b)(2), (3) constitute a

---

    [2]  See also Ebersole v. Pennsylvania Dep't of Corr., No. 06-1368, 2007 WL 1098972, at
*3 (M.D. Pa. Apr. 11, 2007) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 64-71
(1989)) ("[T]he Supreme Court of the United States has held that states may not be sued in
federal court under [Section] 1983 for either damages or injunctive relief because a state is not a
'person' for [Section] 1983 purposes.")

waiver of Pennsylvania's sovereign immunity,[3] the immediately preceding Section of that same title specifically states that "[n]othing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States," and none of the limited exceptions in Section 8522 apply to Plaintiff's claims.  42 Pa. C.S.A. §§ 8521(b); see also Lombardo, 540 F.3d at 196 n.3.  Therefore, it appears that Pennsylvania specifically declined to waive sovereign immunity in an action such as Plaintiff's.  Walker v. Beard, 244 F. App'x 439, 440 (3d Cir. 2007) (citing Lavia v. Pennsylvania Dep't of Corrections, 224 F.3d 190, 195 (3d Cir. 2000)) ("[The Third Circuit] ha[s] previously noted that the Pennsylvania legislature has expressly declined to waive its sovereign immunity by statute.").  Accordingly, the Court will adopt Magistrate Judge Blewitt's recommendation that Plaintiff's claims against the DOC are barred under the Eleventh Amendment and will dismiss the DOC with prejudice. The Court will direct Plaintiff to file an amended complaint against any individual defendants in accordance with the limitations that the Court will discuss in Section C, infra.

## C.       Statute of limitations and improper venue

Plaintiff alleges numerous instances of harassment and mistreatment beginning in June 2008 at three state correctional institutions in which he has been confined, SCI-Fayette, SCI-Greensburg, and SCI-Benner.  (See Doc. No. 1.)  Specifically, Plaintiff alleges that medical staff at SCI-Fayette were aware of his mental impairments, but refused to designate him to the Special

---

[3] 42 Pa. C.S.A. § 8522 provides that Pennsylvania waives sovereign immunity in specific, limited circumstances where a negligent act for damages would be recoverable under the common law or a statute creating a cause of action.

Needs Unit, and that he was subsequently confined to the general prison population after a hearing by the Program Review Committee.  (Id.)  Plaintiff further alleges that, upon transfer to SCI-Benner, his First Amendment rights were violated by prison staff denying access to his mail, his Eighth Amendment rights were violated because he was denied proper medical treatment, and that his Fourteenth Amendment due process rights were violated because the prison staff erroneously issued misconduct reports in retaliation for his complaints.  (See id. at 2-10.)

Magistrate Judge Blewitt recommends that the Court find that Plaintiff's claims arising prior to May 5, 2012 are time-barred pursuant to Pennsylvania's statute of limitations on personal injury claims, and also that the Western District of Pennsylvania is the proper venue for any claims arising out of incidents at SCI-Fayette or SCI-Greensberg.  (Doc. No. 10 at 4.) Accordingly, Magistrate Judge Blewitt recommends that Plaintiff's amended complaint should be limited in scope to the time period beginning May 2013 when he was transferred to SCI-Benner.  (Id. at 4.)  Plaintiff objects on the grounds that limiting his claims to the time period from May 2013 would be prejudicial as he says he can assert cognizable constitutional claims dating back to 2008.  (Doc. No. 11 at 2.)

The Court first finds that Plaintiff's claims prior to May 5, 2012 are time-barred and will overrule Plaintiff's objections to the contrary.  In a Section 1983 claim, a court must look to the state's statute of limitations for personal injury claims; therefore, the law is well-settled that the statute of limitations for a Section 1983 claim in Pennsylvania is two years.  Karchnak v. Swatara Township, 540 F. Supp. 2d 540, 545-46 (M.D. Pa. 2008).  Plaintiff's complaint was filed on May 9, 2014.  (Doc. No. 1 at 1.)  Therefore, the Court will adopt Magistrate Judge Blewitt's recommendation that any of Plaintiff's claims arising prior to May 5, 2012 are time-

7

barred.

The Court also finds that the Middle District of Pennsylvania is not the proper venue for

Plaintiff's claims arising from Plaintiff's confinement at SCI-Greensburg and SCI-Fayette.  Both

SCI-Fayette and SCI-Greensburg are located in the Western District of Pennsylvania.  Plaintiff

was first confined to SCI-Fayette in June 2008 and was subsequently transferred to SCI-

Greensburg on December 15, 2010.  (Doc. No. 1 at 2-3.)  He was later transferred from SCI-

Greensburg to SCI-Benner in May 2013.  (Doc. No. 1 at 5.)  Plaintiff also has a pending action

in the Western District of Pennsylvania regarding the alleged constitutional violations that arose

during his confinement at SCI-Greensburg.[4]  Although it is true that Plaintiff's claims arising at

SCI-Greensburg between May 5, 2012 and May 2013 would not be barred by the statute of

limitations, because the incidents giving rise to Plaintiff's claims at SCI-Greensburg did not arise

in the Middle District, and because Plaintiff has <u>already</u> initiated actions in the Western District

to address those incidents, the Court finds that venue in this judicial district is improper.  <u>See</u>

<u>McMillian v. Walsh</u>, 2014 WL 314423 (M.D. Pa. Jan. 28, 2014) (dismissal or transfer is proper

where "a substantial part of the events or omissions giving rise to the claim occurred outside of

this judicial district"); 28 U.S.C. § 1391.  Accordingly, the Court will adopt Magistrate Judge

Blewitt's recommendation that Plaintiff be directed to only include claims arising after May

2013, the date upon which he was transferred to SCI-Benner, in his amended complaint.

## III.    CONCLUSION

---

[4] Plaintiff's action in the Western District of Pennsylvania is <u>Johnson v. Mazurkiewicz, et al.</u>, No. 13-cv-0531.  As noted by Magistrate Judge Blewitt (Doc. No. 10 at 1 n.1), the complaint in that action was most recently amended on December 23, 2013, and it appears to involve essentially the same claims as those Plaintiff seeks to bring here.

For the foregoing reasons, the Court will adopt Magistrate Judge Blewitt's Report and Recommendation, overrule Plaintiff's objections, and dismiss Defendant Pennsylvania Department of Corrections with prejudice.  Plaintiff will be directed to file an amended complaint, but this complaint should be limited to claims (1) arising at SCI-Benner and (2) which have been fully exhausted through the DOC administrative remedy processes.  An order consistent with this memorandum follows.